IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00009-BNB

EUGENE H. MATHISON,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Eugene H. Mathison, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Mathison initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a supporting brief. He paid the $5.00 filing fee.

On January 25, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Mathison to show cause within thirty days why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2006) in the United States District Court for the District of South Dakota (District of South Dakota). On February 4, 2008, Mr. Mathison submitted his response to the order to show cause.

The Court must construe liberally the habeas corpus application, the supporting brief, and the response to the show-cause order because Mr. Mathison is representing

himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Mathison is challenging the validity of his 1997 convictions and sentences on fraud and money laundering charges in the District of South Dakota. Mr. Mathison apparently was sentenced to a total of 246 months of imprisonment, followed by three years of supervised release. According to the District of South Dakota docket records, the United States Court of Appeals for the Eighth Circuit (Eighth Circuit) in September 1998 apparently affirmed his convictions on direct appeal. Certiorari review appears to have been denied in January 1999.

Mr. Mathison appears to have filed several motions pursuant to 28 U.S.C. § 2255 in the District of South Dakota, which denied the motions. The Court has been able to determine that at least one of his appeals to the Eighth Circuit from the denial of a § 2255 motion was dismissed on January 26, 2004.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the

2

court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Mr. Mathison is challenging the validity of his convictions and sentences in the instant habeas corpus action. He fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. The fact that Mr. Mathison has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. ***See Williams***, 323 F.2d at 673. The fact that Mr. Mathison may be or has been barred from filing a second or successive motion in the sentencing court pursuant to § 2255 also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. ***See Caravalho***, 177 F.3d at 1179. Therefore, the application will be denied and the action dismissed because Mr. Mathison has an adequate and effective remedy pursuant to § 2255 in the District of South Dakota. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed because Applicant, Eugene H. Mathison, has an adequate and effective

remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of South Dakota.

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

*(signature)*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00009-BNB

Eugene H. Mathison
Reg. No. 07835-073
FPC - Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/15/08

                                            GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                 Deputy Clerk