IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00009-ZLW

EUGENE H. MATHISON,

Applicant,

v.

R. WILEY, Warden,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion titled "Rule 59(e) Motion for Reconsideration and To Amend or Alter Judgment" submitted *pro se* by Applicant, Eugene H. Mathison, and filed with the Court on February 25, 2008. Mr. Mathison seeks reconsideration of the order of dismissal and judgment filed on February 15, 2008, denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). Mr. Mathison is a prisoner in the custody of the United States Bureau of Prisons who is incarcerated at the Federal Prison Camp in Florence, Colorado.

The Court must construe the motion to reconsider liberally because Mr. Mathison is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the liberally construed motion to reconsider will be denied.

The Court denied the application and dismissed the action because Mr. Mathison has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2006) in

the United States District Court for the District of South Dakota. The reasons for the dismissal are explained in greater detail in the February 15, 2008, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The February 15, 2008, order denied the application and dismissed the action. Judgment was entered on the same day in favor of Respondent and against Applicant. The instant motion was filed on February 25, 2008. Applicant has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Mathison fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Rule 59(e) Motion for Reconsideration and To Amend or Alter Judgment" submitted *pro se* by Applicant, Eugene H. Mathison, and filed with the Court on February 25, 2008, and which the Court has construed liberally, is denied.

DATED at Denver, Colorado, this 28 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00009-BNB

Eugene H. Mathison
Reg. No. 07835-073
FPC - Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk